**FIRST FEDERAL SAVINGS & LOAN ASSOC. OF LAKEWOOD, Plaintiff, v. SLOAN et, Defendants.**
**RENKNIRT INC., Cross-Petitioner, Defendant-Appellant, SLOAN et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22296.   Decided December 17, 1951.

J. J. Clossman, Abner H. Goldman, Cleveland, for Renknirt Inc.

Schaefer & Schaefer, Cleveland, for Zoller U. Sloan and Minnie Sloan.

## OPINION

By SKEEL, PJ.

This appeal comes to this Court on questions of law from a final order entered against the cross-petitioning defendant. Renknirt Inc., refusing to grant an order of revivor of a judgment in its favor against defendants, Zoller U. and Minnie Sloan.

A petition in foreclosure was filed by the plaintiff against the defendants on March 1, 1937. The defendant, Renknirt Inc., filed an answer and cross-petition on April 12, 1937. By its cross-petition as a holder in due course of a promissory note secured by second mortgage, on the property of the defendants, Zoller U. and Minnie Sloan, this defendant

prayed for personal judgment and foreclosure of its lien, the amount alleged to be due being $2511.12 with interest at eight (8%) percent from March 23, 1937.

On August 23, 1938, judgment was entered on the plaintiff's petition for $4722.16. The Court further found that the defendant, Renknirt Inc., was the owner of a note and mortgage which mortgage was a valid lien on the property of defendants, Sloan, subsequent to the lien of the plaintiff. The Court, however, postponed to a later date the determination of the amount due on the note secured by said mortgage. The Court ordered, by said decree, the foreclosure of the several liens and ordered the property sold at sheriff's sale as provided by law.

The property was sold by the Sheriff on October 31, 1938, for an amount considerably less than the amount due the plaintiff on its first mortgage, leaving a substantial deficiency judgment thereon and therefore of necessity there was no money remaining to apply to the indebtedness due the defendant, Renknirt, Inc.

On August 22, 1940, a personal judgment was entered for the defendant, Renknirt Inc., on its cross-petition in the sum of $3264.72 against the defendants, Zoller and Minnie Sloan, and Edward J. Wintering, the last named defendant being the original payee on said note.

This judgment was allowed to become dormant and on June 9, 1950 the appellant, cross-petitioner, Renknirt Inc., by motion attempted to revive said judgment against the defendants, Zollar U. and Minnie Sloan. The conditional order of revivor having been granted on June 9, 1950, an execution was issued on said judgment against personal property of the defendants, Zollar U. and Minnie Sloan.

The property which was mortgaged to secure the note of the plaintiff and the debt due the defendant, Renknirt Inc., was residence property.

The sole question presented is whether or not the trial court was in error in holding that under the provisions of §11663-1 GC, that, because of the lapse of more than two years, the judgment has become unenforceable.

Sec. 11663-1 GC, effective August 19, 1937, in part provides: "Any judgment for money, rendered in a court of record in this state upon any indebtedness, which is secured or evidenced by a mortgage, or other instrument in the nature of a mortgage, on real property or any interest therein, upon which real property there has been located a dwelling or dwellings for not more than two families which has been used in whole or in part as a home or farm dwelling or which

at any time was or is now held as a homestead by the person who executed or assumed such mortgage or other instrument, or which has been held by such person as a home-site, shall be unenforceable as to any deficiency remaining due thereon, after the expiration of two years from the date of the confirmation of any judicial sale of such property completed subsequent to the rendition of such judgment, or after August 19, 1939, whichever shall be later. Provided, however, that any execution issued upon such judgment, or any action or proceeding in aid of execution, or in the nature thereof, or to marshal liens, commenced prior to the expiration of such two year period, or prior to August 19, 1939, whichever shall be later, shall not be affected by this section; and, provided further, that this section shall not affect any action or proceeding in the nature of a creditor's bill, commenced within such two year period or prior to August 19, 1939, whichever shall be later, to subject the interest of the judgment debtor in any property owned at the date of such judgment and concealed with intent to hinder, delay or defraud creditors."

It is the contention of the appellant that at the time its judgment was rendered, the debt was unsecured, the property upon which it held a junior lien to secure such debt having been sold in October, 1938, at sheriff's sale and the proceeds of the sale paid to the first lien holder. It is the claim of this appellant that his contention is supported by the holding of the Supreme Court in the case of **Carr v. Loan Company et al, 148 Oh St 533.**

In the Carr case, supra, the Home Owners Loan Corporation instituted a foreclosure action based on an indebtedness secured by mortgage due it from Frank and Flora Carr. The Cleveland Trust Company was the holder of a second mortgage against the Carr property which secured a promissory note of $346.00. The bank, in taking this obligation secured by said second mortgage, had agreed with the Home Owners Loan Corporation not to institue an action to force the payment thereof for at least a period of three years. Within the three year period, the Loan Corporation instituted the foreclosure action just referred to. The Cleveland Trust Company was made a party. They filed a cross-petition seeking only to protect the lien of their mortgage. They did not cross-petition for judgment on their note. The decree of foreclosure found only that the defendants, Frank and Flora Carr were indebted to The Cleveland Trust Company on the note which was secured by mortgage and held that the lien of said mortgage was a valid and subsisting lien subsequent to that of the Loan Company. The property was sold for

less than the sum of the first mortgage. Thereafter, on July 22, 1938, a separate action was brought by the Cleveland Trust Company for judgment on its note and judgment was rendered as prayed for.

An action was then brought on July 1, 1946, seeking a declaration that the Cleveland Trust Company's judgment was in fact a deficiency judgment and unenforceable under the provisions of §11663-1 GC. The Supreme Court held (three judges dissenting):

"1. The provisions of §11663-1 GC, that any judgment for money rendered upon any indebtedness which is secured or evidenced by mortgage on real property of a described character, shall be unenforceable as to any deficiency remaining due thereon, after the expiration of two years from one of two designated events, applies to a situation where the indebtedness, upon which an action for money is brought, is so secured at the time such action is commenced."

"6. In circumstances where the security of a second mortgage is taken away from him entirely by a judicial sale to satisfy a superior lien, such second mortgagee becomes a general creditor of the mortgagor to the full amount of the debt owed and may proceed accordingly to collect such indebtedness."

This case stands for the proposition that where a creditor whose debt is secured by a second mortgage is made a party defendant in an action in foreclosure by the holder of the first mortgage (seeking to subject the proceeds resulting from an order of sale of the property to his debt) and who by answer prays only to have secured to him whatever benefit he may be entitled to because of the lien of the second mortgage, without seeking a personal judgment for the amount due, and where upon sale of the property by court order the amount realized in insufficient to pay off the obligation due the holder of the first mortgage, and the lien of the second mortgage is wiped out, a judgment taken in a separate proceeding subsequent thereto, upon the debt that had been secured by the second mortgage is for an unsecured claim and is in no way limited by the provisions of §11663-1 GC.

An interpretation of §11663-1 GC which holds that a debt formerly secured by a second mortgage which has been wiped out in a judicial proceeding is free of the limitations of such statute only because of the procedure employed or adopted to collect the debt, should not be extended beyond the clear import of the decision.

However, the facts in the case now being considered are clearly distinguishable from those in the Carr case, supra.

Here, the debt of the defendant appellant was secured by the second mortgage at the time the action was commenced. By answer and cross-petition in such action, a personal judgment and foreclosure of the lien of the second mortgage was prayer for before the decree of foreclosure was entered. The delay in entering a judgment for the balance due on the second mortgage was held pending appeal of issues not affecting the right of the parties to proceed with the sale of the property. Under such circumstances, the indebtedness due the defendant appellant was secured by mortgage, even though in the proceeding in which he seeks judgment thereon because the insufficiency of the amount realized upon the sale of the property subject to the mortgage, his lien is wiped out without financial benefit to him. This conclusion is supported by the holding of the Supreme Court in the case of **Lash, Admr. v. Mann, 141 Oh St 577.**

For the foregoing reasons, the judgment of the Court of Common Pleas is affirmed. Exceptions noted. Order see journal.

HURD, J, THOMPSON, J, concur.